UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

PATTI STEM, INDIVIDUALLY AND AS　　　　　　　CASE NO.6:16-cv-0400-RP
A/N/F AND PARENT OF L.S.,

      Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

      Defendant

## NOTICE OF REMOVAL

Defendant, Travelers Property Casualty Company of America ("Defendant" or "Travelers"), hereby removes to this Court the state court action described below.

1. On September 9, 2016, Patti Stem, individually and as A/N/F and parent of L. S.("Plaintiff"), filed this action, styled *Patti Stem, Individually and as A/N/F and Parent of L. S. v. Travelers Property Casualty Company of America*, Case No. 16-09-20090-CV, in the District Court of Robertson County, Texas.

2. Plaintiff seeks recovery of losses or damages which she characterizes as having been incurred as a result of Defendant's failure to pay amounts Plaintiff demanded for Personal Injury Protection ("PIP") coverage pursuant to an automobile insurance policy issued by Defendant (although in fact the applicable coverage here is medical payments rather than PIP coverage). (First Amended Petition ("Pet."), Sec. IV.)

3. Plaintiff alleges that on November 1, 2015, L. S. was riding in a truck driven by his father when they were struck by another vehicle driven by a drunk driver, resulting in serious injuries to L.S. (*Id.*)

4. Plaintiff alleges that Defendant failed to pay the full amount of PIP coverage Plaintiff demanded for medical bills incurred as a result of the accident, and failed to properly respond and pay these charges within the prescribed time period. (*Id.*)

5. Plaintiff alleges Defendant is the "underinsured and pip carrier for the vehicle" involved in the accident, and that "Plaintiff's injuries and damages were proximately caused by the negligence of the Defendant." (*Id.,* Sec. V.) According to Plaintiff, "Each of the Defendant's acts and/or omissions constituted negligence, gross negligence or denial of pip payments and each proximately caused the injuries of the Plaintiff." (*Id.*)

6. Plaintiff seeks damages for various alleged injuries, including physical pain and mental anguish, and past and future and physical impairment, and alleges the amount Plaintiff seeks exceeds $200,000. (Pet., Sec. VII.)

7. The Petition alleges Plaintiff is a resident of Grimes County, Texas, and names Defendant, a foreign non-Texas insurer, as the sole defendant. (Pet., Sec. II.)

8. This Court has jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441. There is complete diversity of citizenship as to all parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9. Defendant has attached all pleadings filed in the record of the state court proceeding as of the date of this filing as Exhibit "A".

## COMPLETE DIVERSITY EXISTS AS TO ALL PARTIES

10. Plaintiff is a citizen of the State of Texas. (Pet., Sec. II.)

11. Defendant is a non-Texas citizen, with neither its state of incorporation nor its principal places of business in Texas, but instead is incorporated in Connecticut, with its principal place of business in Connecticut. (*See* Declaration of Blake E. Baldwin, Exhibit "B"

hereto).  So, Defendant is a citizen of the State of Connecticut, not Texas, for diversity purposes. 28 U.S.C. §1332(c)(1).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12. The removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $ 75,000." *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert denied,* 538 U.S. 945 (2003).  *See also San Antonio Nat. Bank v. Daktronics, Inc.,* No. SA-11-CA-0149-XR, 2011 WL 972429, *1 (W.D. Tex. Mar. 17, 2011) ("Generally, the removing party has the burden to prove by a preponderance of the evidence that the claim exceeds $75,000, either by (1) showing that it is facially apparent from the petition, or (2) by setting forth summary-judgment type evidence that supports the requisite finding."); *Borg v. Metro. Lloyd's of Texas*, No. W:12-CV-256, 2012 WL 12539326, *4 (W.D. Tex. Nov. 26, 2012) (same principle).  The removing party can meet this burden by demonstrating that it is facially apparent from the Petition the claims are likely to be above $75,000, or, where it is not facially apparent on the pleading, by setting forth facts in controversy demonstrating that the plaintiff's claims exceed $75,000.  *Grant*, 309 F.3d at 868.

13. Here, the Petition expressly alleges that Plaintiff seeks recovery from Defendant of a sum "over $200,000.00."  (Pet., Sec. VII.)  Accordingly, the amount in controversy clearly exceeds $75,000 for diversity jurisdiction purposes.  *See* 28 U.S.C. § 1332(a).

## THIS REMOVAL NOTICE IS TIMELY

14. Defendant is filing this Notice of Removal within 30 days of the September 12, 2016 service of the Petition on Defendant, so removal is timely here.  *See* 28 U.S.C.A. § 1446(b); *Linton v. Johnson,* No. 5-10-CV-00585 OG NN, 2011 WL 65867, *2 (W.D. Tex. Jan. 10, 2011) ("Removal is timely if notice of removal is filed within either (1) thirty days of receipt by defendants of the initial pleading stating a claim for relief, or (2) thirty days after the service

of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

WHEREFORE, Defendant, Travelers Property Casualty Company of America, respectfully requests that this Court assume full jurisdiction over this matter as provided by law.

        Respectfully submitted,

        DENTONS US, LLP

        By: */s/ Matthew T. Nickel*

        Matthew T. Nickel
        State Bar No. 24056042
        matt.nickel@dentons.com
        2000 McKinney Avenue, Suite 1900
        Dallas, Texas 75201
        Telephone: (214) 259-0976
        Facsimile: (214) 259-0910

        **ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 12, 2016, a copy of the NOTICE of REMOVAL was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by electronic mail or by placing same in the United States mail, properly addressed and postage prepaid, this 12th day of October, 2016.

    Brent Carpenter
    Carpenter & Carpenter, P.C.
    322 Brooks Street
    Sugar Land, Texas 77478
    Brent@carpentercarpenter.com
    (281) 565-7866 (fax)

        /s/ Matthew T. Nickel