# EXHIBIT A

16-09-20090-CV
E-Filed for Record
9/9/2016 1:32:21 PM
Robertson County District Clerk, TX
By: Traci Lopez

NO. 16-09-20090-CV

| | | |
|---|---|---|
| PATTI STEM, INDIVIDUALLY AND AS A/N/F AND PARENT OF Redacted, <br> Plaintiff | § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | ROBERTSON COUNTY, T E X A S |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA <br> Defendant | § § § | 82nd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Patti Stem individually and as a/n/f and parent of Redacted, Plaintiff herein, complaining of Travelers Property Casualty Company of America, Defendant herein and for cause of action against said Defendant, would respectfully show the Court and Jury as follows:

### I. Discovery Level

Discovery is intended to be conducted under Level 3 pursuant to Rule 190, Texas Rules of Civil Procedure.

### II. Introduction

Plaintiff is a resident of Grimes County, Texas and last four numbers of SS# are 3731.

DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA is a domestic insurance carrier and will be served with Plaintiff's Original Petition and Request for Disclosures through its agent for service of process, **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.** Service of process is requested by the Clerk of the Court through certified mail.

**SERVICE UPON THIS DEFENDANT IS REQUESTED AT THIS TIME.**

### III. Jurisdiction & Venue

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Venue is proper in Robertson County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE, in all or a substantial part of the events or omissions giving rise to the claim occurred in Robertson County.

### IV. Facts

On or about November 1, 2015 [Redacted] was riding in a truck driven by his father when they were hit head on and he was severely injured. The vehicle which hit them was operated by Andrew Keheley and was owned by Daniel Havlik. Mr. Keheley was intoxicated and caused the wreck. [Redacted] was transported by the ambulance to St. Joseph where he was diagnosed with a broken leg and internal injuries.

Plaintiff would show that premiums were paid to Travelers Property Casualty Company of America for pip and underinsured coverage. The payments were current and the Plaintiff properly notified Travelers Property Casualty Company of America of the claim. Despite submitting over $13,000.00 in reasonable and necessary medical charges, Defendant Travelers Property Casualty Company of America choose to only pay slightly more than $1,000.00. Plaintiff's counsel then contacted Travelers Property Casualty Company of America to ask that they pay the balance of the pip and Travelers Property Casualty Company of America response was that they paid according to their procedures (despite the fact that the procedure is in direct violation of the insurance code). Plaintiff is seeking damages under the terms of the policy. Defendant failed to properly respond and pay the medical charges under pip within the prescribed time under the Texas Insurance Code, wrongfully denied payment of the claim and failed to timely tender the pip policy limits which are significantly less than the tender medical charges. Due to these and other violations,

the Plaintiff is entitled to attorney fees, cost, statutory interest and additional damages. Plaintiff is making claim and has made a claim to recover damages under this policy.

At the time of this collision, the vehicle in which Plaintiff was riding had in effect an auto insurance policy with Defendant Travelers Property Casualty Company of America. As part of their coverage, it had personal injury protection (PIP) and underinsured motorist (UIM) benefits (Plaintiff is reserving that claim as we have made a claim on that policy at this time).

Plaintiff incurred medical treatment, they forwarded their medical bills to Travelers Property Casualty Company of America for payment under their PIP policy. Travelers Property Casualty Company of America has refused to fully pay these medical expenses despite their obligation to do so under the policy and the Texas Insurance Code and numerous requests by plaintiffs' counsel prior to filing suit.

Tex. Ins. Code §1952.151 provides that a personal injury protection policy in Texas must provide "reasonable expenses that...arise from an accident...which are necessary." The policy implemented by Travelers Property Casualty Company of America (contrary to the insurance code) is to unilaterally determine which medical expenses are necessary and what amounts are reasonable.

## V.   Negligence

On the occasion in question, the Defendant was guilty of various acts, wrongs and/or omissions, which constituted negligence and which proximately, caused the injuries and damages complained of herein. These include but are not limited to failure to control the vehicle, failure to properly apply brakes, failure to maintain a single lane of traffic, driving at an unsafe speed, driving while intoxicated and allowing an intoxicated driver to operate a vehicle.

## VI.   Causation

Defendant is the underinsured and pip carrier for the vehicle in which the plaintiff was riding and they are responsible for the damages caused by the negligent drunk driver who failed to exercise ordinary or reasonable care as well as being grossly negligent. Each of the acts or omissions on the part of Defendant, whether taken singularly or collectively, was an actual and proximate cause of this occurrence and damages to Plaintiff. Plaintiff's injuries and damages were proximately caused by the negligence of the Defendant. Each of the Defendant's acts and/or omissions constituted negligence, gross negligence or denial of pip payments and each proximately caused the injuries of the Plaintiff.

## VII. Damages

As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff, Redacted, has sustained damages which are within the jurisdictional limits of this Court. Plaintiff Redacted would show that as a result of these injuries the following elements of damages were sustained:

a.  Physical pain and mental anguish, past and future;

d.  Physical impairment, past and future;

c.  Scarring and disfigurement, past and future;

d.  Loss of earning capacity, past and future, and,

e.  Loss of enjoyment of life.

By reason of the above and foregoing, Redacted, has been damaged in an amount far in excess of the minimum jurisdiction limits of the Court. The Plaintiff Redacted sues the Defendant herein for the full amount of her damages, as determined by a jury. Although the amount of damages that he has sustained is a matter for the Jury to decide from the evidence presented at the trial, Plaintiff, for each element of damages available under the appropriate statutes of the State of Texas, seeks recovery of and from Defendants, a sum over $200,000.00 but not more than $1,000,000.00 and for

pre-judgment interest on those elements of damages as permitted by law. This amount is subject to amendment based upon the on-going medical care and treatment of the minor plaintiff.

## VIII.

As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff, Patti Stem Individually has sustained damages as a result of the injuries to her son. Patti Stem is requesting the following damages as a result of the injuries to her son:

    a.    Medical expenses – past and future.

By reason of the above and foregoing, Patti Stem individually have been damaged in an amount far in excess of the minimum jurisdiction limits of the Court and they sue the Defendant for the full amount of their damages, as determined by a jury.

By reason of insurance code and handling violations the Plaintiff is entitled, in addition to the underinsured policy limits, the following:

    a. Attorney fees;

    b. Cost;

    c. Statutory interest; and

    d. Additional damages.

Although the amount of damages that they have sustained is a matter for the Jury to decide from the evidence adduced at the trial of this cause, Plaintiff, for each element of damages available under the appropriate statutes of the State of Texas, seeks recovery of and from Defendants, a sum far in excess of the minimal jurisdictional limits of this Honorable Court and for pre-judgment interest on those elements of damages as permitted by law.

## IX. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon final hearing, Plaintiff has and recovers, of and from the Defendant, judgment in the full amount of Plaintiff's damages, plus prejudgment and post judgment interest, costs of court, and all such further relief to which the Plaintiff may be justly entitled, at law or in equity.

Respectfully submitted,

CARPENTER & CARPENTER, P.C.

_____
BRENT CARPENTER
S.B.T. NO. 03848500
322 Brooks Street
Sugar Land, Texas 77478
(281) 565-5900
(281) 565-7866 (fax)
Brent@carpentercarpenter.com
ATTORNEY FOR PLAINTIFF

16-09-20090-CV
E-Filed for Record
9/9/2016 2:22:05 PM
Robertson County District Clerk , TX
By: Carri Verzinski

NO. 16-09-20090-CV

| | | |
|---|---|---|
| PATTI STEM, INDIVIDUALLY AND AS A/N/F AND PARENT OF Redacted | § § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | ROBERTSON COUNTY, T E X A S |
| vs. | § § | 82nd |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | § | _____ JUDICIAL DISTRICT |
| Defendant | | |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Patti Stem individually and as a/n/f and parent of Redacted, Plaintiff herein, complaining of Travelers Property Casualty Company of America, Defendant herein and for cause of action against said Defendant, would respectfully show the Court and Jury as follows:

### I. Discovery Level

Discovery is intended to be conducted under Level 3 pursuant to Rule 190, Texas Rules of Civil Procedure.

### II. Introduction

Plaintiff is a resident of Grimes County, Texas and last four numbers of SS# are 3731.

DEFENDANT TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA is a domestic insurance carrier and will be served with Plaintiff's Original Petition and Request for Disclosures through its agent for service of process, **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.** Service of process is requested by the Clerk of the Court through certified mail.

**SERVICE UPON THIS DEFENDANT IS REQUESTED AT THIS TIME.**

III. **Jurisdiction & Venue**

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court. Venue is proper in Robertson County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE, in all or a substantial part of the events or omissions giving rise to the claim occurred in Robertson County.

IV. **Facts**

On or about November 1, 2015 Redacted was riding in a truck driven by his father when they were hit head on and he was severely injured. The vehicle which hit them was operated by Andrew Keheley and was owned by Daniel Havlik. Mr. Keheley was intoxicated and caused the wreck. Redacted was transported by the ambulance to St. Joseph where he was diagnosed with a broken leg and internal injuries.

Plaintiff would show that premiums were paid to Travelers Property Casualty Company of America for pip and underinsured coverage. The payments were current and the Plaintiff properly notified Travelers Property Casualty Company of America of the claim. Despite submitting over $13,000.00 in reasonable and necessary medical charges, Defendant Travelers Property Casualty Company of America choose to only pay slightly more than $1,000.00. Plaintiff's counsel then contacted Travelers Property Casualty Company of America to ask that they pay the balance of the pip and Travelers Property Casualty Company of America response was that they paid according to their procedures (despite the fact that the procedure is in direct violation of the insurance code). Plaintiff is seeking damages under the terms of the policy. Defendant failed to properly respond and pay the medical charges under pip within the prescribed time under the Texas Insurance Code, wrongfully denied payment of the claim and failed to timely tender the pip policy limits which are significantly less than the tender medical charges. Due to these and other violations,

the Plaintiff is entitled to attorney fees, cost, statutory interest and additional damages. Plaintiff is making claim and has made a claim to recover damages under this policy.

At the time of this collision, the vehicle in which Plaintiff was riding had in effect an auto insurance policy with Defendant Travelers Property Casualty Company of America. As part of their coverage, it had personal injury protection (PIP) and underinsured motorist (UIM) benefits (Plaintiff is reserving that claim as we have made a claim on that policy at this time).

Plaintiff incurred medical treatment, they forwarded their medical bills to Travelers Property Casualty Company of America for payment under their PIP policy. Travelers Property Casualty Company of America has refused to fully pay these medical expenses despite their obligation to do so under the policy and the Texas Insurance Code and numerous requests by plaintiffs' counsel prior to filing suit.

Tex. Ins. Code §1952.151 provides that a personal injury protection policy in Texas must provide "reasonable expenses that...arise from an accident...which are necessary." The policy implemented by Travelers Property Casualty Company of America (contrary to the insurance code) is to unilaterally determine which medical expenses are necessary and what amounts are reasonable.

## V.   Negligence

On the occasion in question, the Defendant was guilty of various acts, wrongs and/or omissions, which constituted negligence and which proximately, caused the injuries and damages complained of herein. These include but are not limited to failure to control the vehicle, failure to properly apply brakes, failure to maintain a single lane of traffic, driving at an unsafe speed, driving while intoxicated and allowing an intoxicated driver to operate a vehicle.

## VI.   Causation

Defendant is the underinsured and pip carrier for the vehicle in which the plaintiff was riding and they are responsible for the damages caused by the negligent drunk driver who failed to exercise ordinary or reasonable care as well as being grossly negligent. Each of the acts or omissions on the part of Defendant, whether taken singularly or collectively, was an actual and proximate cause of this occurrence and damages to Plaintiff. Plaintiff's injuries and damages were proximately caused by the negligence of the Defendant. Each of the Defendant's acts and/or omissions constituted negligence, gross negligence or denial of pip payments and each proximately caused the injuries of the Plaintiff.

### VII. Damages

As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff, Redacted, has sustained damages which are within the jurisdictional limits of this Court. Plaintiff Redacted would show that as a result of these injuries the following elements of damages were sustained:

a. Physical pain and mental anguish, past and future;

d. Physical impairment, past and future;

c. Scarring and disfigurement, past and future;

d. Loss of earning capacity, past and future, and,

e. Loss of enjoyment of life.

By reason of the above and foregoing, Redacted, has been damaged in an amount far in excess of the minimum jurisdiction limits of the Court. The Plaintiff Redacted sues the Defendant herein for the full amount of her damages, as determined by a jury. Although the amount of damages that he has sustained is a matter for the Jury to decide from the evidence presented at the trial, Plaintiff, for each element of damages available under the appropriate statutes of the State of Texas, seeks recovery of and from Defendants, a sum over $200,000.00 but not more than $1,000,000.00 and for

pre-judgment interest on those elements of damages as permitted by law. This amount is subject to amendment based upon the on-going medical care and treatment of the minor plaintiff.

## VIII.

As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff, Patti Stem Individually has sustained damages as a result of the injuries to her son. Patti Stem is requesting the following damages as a result of the injuries to her son:

    a.    Medical expenses – past and future.

By reason of the above and foregoing, Patti Stem individually have been damaged in an amount far in excess of the minimum jurisdiction limits of the Court and they sue the Defendant for the full amount of their damages, as determined by a jury.

By reason of insurance code and handling violations the Plaintiff is entitled, in addition to the underinsured policy limits, the following:

    a. Attorney fees;

    b. Cost;

    c. Statutory interest; and

    d. Additional damages.

Although the amount of damages that they have sustained is a matter for the Jury to decide from the evidence adduced at the trial of this cause, Plaintiff, for each element of damages available under the appropriate statutes of the State of Texas, seeks recovery of and from Defendants, a sum far in excess of the minimal jurisdictional limits of this Honorable Court and for pre-judgment interest on those elements of damages as permitted by law.

## IX. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## X. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon final hearing, Plaintiff has and recovers, of and from the Defendant, judgment in the full amount of Plaintiff's damages, plus prejudgment and post judgment interest, costs of court, and all such further relief to which the Plaintiff may be justly entitled, at law or in equity.

Respectfully submitted,

CARPENTER & CARPENTER, P.C.

BRENT CARPENTER
S.B.T. NO. 03848500
322 Brooks Street
Sugar Land, Texas 77478
(281) 565-5900
(281) 565-7866 (fax)
Brent@carpentercarpenter.com
ATTORNEY FOR PLAINTIFF



7014 2120 0001 4447 1314



02 1P
0001845167  SEP 09 2016
MAILED FROM ZIP CODE 77056



***Barbara W. Axtell***
District Clerk
Robertson County
P.O. Box 250
Franklin, Texas 77856

16-09-20090-CV
Travelers Property Casualty Company of America
by serving its agent for service of process
Corporation Service Company
211 East 7th Street, Suite 620
Austin, Texas 78701-3218

16-09-20090-CV
E-Filed for Record
10/3/2016 6:39:36 AM
Robertson County District Clerk , TX
By: Traci Lopez

CAUSE NO. 16-09-20090-CV

| | | |
|---|---|---|
| PATTI STEM, INDIVIDUALLY AND AS A/N/F AND PARENT OF Redacted, | § § § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiff, | | |
| | | 82nd JUDICIAL DISTRICT |
| v. | | |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | | |
| Defendant. | | ROBERTSON COUNTY, TEXAS |

### *DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION*

Travelers Property Casualty Company of America ("Defendant") files this Answer to the Original Petition of Patti Stem, Individually and as a/n/f and parent of Redacted ("Plaintiff"), and in support thereof would show as follows:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every allegation contained in the Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

Travelers Property Casualty Company of America hereby gives notice that it intends to rely upon any defenses that may become available or appear during discovery or other proceedings in this case and hereby reserves the right to amend this Answer to Plaintiff's Original Petition to assert any such defenses. Travelers Property Casualty Company of America also reserves the right to assert any other defenses that may become available upon a determination of the law applicable to the action or any part thereof or claim therein.

Travelers Property Casualty Company of America specifically asserts the following additional defenses:

1. Plaintiff's claims fail to the extent no medical expenses were incurred.

2. Plaintiff's claims fail on the ground that Plaintiff suffered no harm as the result of any conduct by Defendant.

3. Plaintiff's claims fail on the ground that Plaintiff fails to identify any material misrepresentation or misleading or untrue statement by Defendant.

4. Plaintiff's claims fail on the ground that Plaintiff cannot demonstrate that Defendant's actions were the producing cause of any damages Plaintiff allegedly suffered.

5. Plaintiff's claims fail on the ground that Plaintiff cannot show Defendant failed to conduct a reasonable investigation as to Plaintiff's claims.

6. Plaintiff's claims fail on the ground that Plaintiff cannot demonstrate reliance on any statement by Defendant which caused Plaintiff any harm.

7. Plaintiff's claims fail because Defendant had a reasonable basis for its payment decisions.

8. Plaintiff's claims fail because Plaintiff is improperly seeking a double recovery.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by this action, that this action be dismissed, with prejudice and without leave to amend, and that Defendant recover its attorneys' fees and costs and have all other relief to which it may be entitled, special and general, at law and in equity.


Dated: October 3, 2016

Respectfully submitted,

/s/ Matthew T. Nickel
Matthew T. Nickel
State Bar 24056042
Dentons US LLP
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201
(214) 259-0900 – *telephone*
(214) 259-0910 – *facsimile*
matt.nickel@dentons.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2016 a true copy of the foregoing document was served by email and certified mail, return receipt requested, properly addressed as follows:

Brent Carpenter
Carpenter & Carpenter, P.C.
322 Brooks Street
Sugar Land, Texas 77478
Brent@carpentercarpenter.com
(281) 565-7866 (fax)

/s/ Matthew T. Nickel